UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW J. SHERVEN,              )<br>                                                       )<br>            Plaintiff,                        )<br>                                                       )<br>v.                                                   )<br>                                                       )<br>NATIONAL INTELLIGENCE       )<br>DIRECTOR, et al.,                        )<br>                                                       )<br>            Defendants.                   ) | Civil Action No. 1:23-cv-03452 (UNA) |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of the Plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The Court grants the *in forma pauperis* application and, for the reasons explained below, dismisses this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), which requires dismissal of a case "at any time" upon determination that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Here, plaintiff sues the Office of the Director of National Intelligence, the Central Intelligence Agency ("CIA"), the National Security Agency, and the Department of Justice ("DOJ"), under 42 U.S.C. § 1983, contending that, in either October or November 2019, he reported a pornographic video to the DOC and CIA. *See* Compl. at 1–2. Plaintiff then alleges

that, as a result, the "CIA and DOJ decided to frame the Plaintiff for child porn[,]" in order to "conduct a psychological operation (PSYOP) to frame the Plaintiff so they could get rid of him extra-judicially." *See id.* at 2. He contends that the federal government employed "mind control and mind-reading satellites" to "listen to [his] train of thought, allowing them to listen to the Plaintiff thinking about attacking the government[,]" and to "see . . . the images inside of his head[,] and [to] also see through the Plaintiff's eyeballs." *Id.* at 2–3. As relief, plaintiff demands that the government return "all recordings, videos, audio clips, images, or other media taken from his brain [that] belong to him." *Id.* at 3.

This Court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). Therefore, the Court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant complaint falls squarely into this category. In addition to failing to state a claim for relief or establish a basis for the exercise of jurisdiction, the complaint is frivolous on its face.

Consequently, this case is dismissed without prejudice. A separate order accompanies this Memorandum Opinion.

/s/_____
**BERYL A. HOWELL**
United States District Judge

Date:  December 18, 2023